IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAZEL YVONNE SAUNDERS and,
SHARON L. ROGERS,

      Plaintiffs,

v. // CIVIL ACTION NO. 1:04CV34
                                   (Judge Keeley)

VERIZON COMMUNICATIONS, INC. and
VERIZON WEST VIRGINIA, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**<u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Before the Court is the motion for partial judgment on the pleadings filed by defendants Verizon Communications, Inc. and Verizon West Virginia, Inc. (collectively, "Verizon") on June 2, 2005. After the parties fully briefed the motion, the Court heard oral arguments on July 11, 2005. Because the Plaintiffs were not participants of Verizon's third Enhanced Income Security Plan ("EISP") under the Employee Retirement Income Security Act ("ERISA"), the Court **GRANTS** the motion.

**I. BACKGROUND**

During April of 2003, Verizon offered an EISP to its employees in an effort to reduce the number of surplus workers without terminating jobs. The EISP, a plan covered under ERISA, gave eligible employees the opportunity to retire early with an enhanced

severance benefit. Although employees could volunteer for the program, they were not guaranteed acceptance; if more employees volunteered than were "necessary to relieve the surplus," the plan administrator would select participants based on seniority.

The Plaintiffs, Hazel Saunders and Sharon Rogers ("Plaintiffs"), were employed by Verizon for over thirty years. Although Verizon notified them of the April EISP, they chose not to volunteer. In July, however, the Plaintiffs volunteered for another EISP being offered by Verizon. Verizon, however, subsequently informed them that they had not been accepted into the program because the number of workers who had volunteered was more than necessary. Plaintiffs nonetheless retired in July 2003.

Plaintiffs then filed a complaint against Verizon in this Court on March 2, 2004, alleging that Verizon violated the terms of the July EISP by denying their voluntary election and choosing other employees with less seniority. They estimate that, had they been accepted into the program, under the July plan their benefits would have totaled $66,000.

The Plaintiffs also contend that Verizon breached its fiduciary duty under ERISA by failing to inform them before they retired that it was "seriously considering" a third EISP for the

same year. Plaintiffs contend that, had they been informed of another "volunteer period" to be offered in October, 2003, they would have delayed their retirement and applied for that EISP. Under the October EISP, Plaintiffs assert their benefits would have included a $66,000 payment, a 5% pension plan increase, and a $10,000 voluntary termination bonus.[1]

On June 2, 2005, Verizon moved for partial judgment on the pleadings as to Plaintiffs' breach of fiduciary duty concerning this third EISP. Fed. R. Civ. Pro. 12(c). Verizon argues that the relief sought is not recoverable under ERISA and that the allegations do not state a claim upon which relief can be granted. On June 14, 2005, Plaintiffs filed a response, and on June 27, 2005, Verizon filed a reply.

This matter is properly before the Court pursuant to the grant of jurisdiction under ERISA, 29 U.S.C. §1001, et seq. (2004).

## II. STANDARD OF LAW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay the trial, any party [may] move for judgment on the pleadings." In adjudicating a motion under Rule 12(c), the

---

[1] Plaintiffs estimate the third EISP buyout to be worth $77,000.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Court follows the same standard governing review of a Rule 12(b)(6) motion to dismiss. <u>Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp.</u>, 278 F.3d 401, 405-06 (4th Cir. 2002). Thus, the Court should grant a Rule 12(c) motion only if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999) (citation omitted).

### III. DISCUSSION

#### A. Parties' Arguments Under ERISA

Verizon argues that the plaintiff's claim for breach of fiduciary duty should be dismissed because 1) they do not seek "appropriate equitable relief" under ERISA § 502(a)(3)(B) (codified as 29 U.S.C. § 1132), and 2) they fail to allege sufficient facts to state a claim for breach of fiduciary duty. Plaintiffs, in contrast, argue that equitable <u>and</u> legal relief are afforded to participants under ERISA § 502(a)(3)(B), and that the relief requested does qualify as "appropriate equitable relief." Furthermore, Plaintiffs assert that their allegations are

sufficient under Rules 8 and 12(c) to state a legally cognizable claim for breach of fiduciary duty.

Congress enacted ERISA in order to protect the "interest of participants in employee benefit plans and their beneficiaries" and to provide certain parties with "appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. 1001(b). A participant of a benefit plan is authorized to bring civil actions "to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Id. § 1132(a)(1)(B). Furthermore, a participant may bring a civil action "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Id. § 1132(a)(3)(B).

B.    "Participant" Status in Third EISP

In order for Plaintiffs to bring their breach of fiduciary duty claim against Verizon, they must qualify as "participants" in the third EISP to have standing under ERISA. Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1158 (10th Cir. 2004). Without standing, this Court lacks subject matter jurisdiction to hear their claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560

(1992) (reiterating that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of [U.S. Const.] Article III") (citation omitted).

The parties assume that Plaintiffs are "participants" in the third EISP and focus their arguments on the type of relief available and the sufficiency of the allegations. The Court finds, however, that Plaintiffs are not "participants" under ERISA, and thus lack standing to bring a claim. See Fed. R. Civ. Pro. 12(h)(3).

Under ERISA, a "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ." Id. § 1002(7). The Fourth Circuit narrowly construes the "may become eligible for a benefit" language in ERISA. Stanton v. Gulf Oil Corp., 792 F.2d 432 (4th Cir. 1986)

In Stanton, the plaintiff, Mr. Stanton, retired from his job on November 30, 1982. Id. at 433. Prior to signing his retirement papers, Stanton made a thorough inquiry as to whether a better retirement plan might be available in the near future. He specifically stated that he was retiring with the understanding

that no better offer was forthcoming and that, if a better offer was anticipated, he would delay his retirement until the first part of 1983. Id. Prior to Stanton's retirement, an early retirement plan had been approved on November 11, 1982, for upper level management employees in a certain salary range; however, Stanton's employment level did not qualify. Id. Then on February 14, 1983, after Stanton had retired, the plan was extended to lower salary ranges that would have included Stanton's salary. Id. at 433-44.

Stanton sued his former employer, claiming that he was a "participant" in the early retirement plan because the plan opened while he was employed and "he 'may [have] become eligible to receive a benefit' but for his leaving [the company] by electing early retirement." Id. (emphasis in original). The Fourth Circuit held that Stanton was not a "participant" of the early retirement plan because he was not eligible to participate in the plan until after his retirement. Id. at 434-35. Moreover, Stanton had not met the terms of the early retirement program, which included receiving a personal letter of eligibility for participation. Id. at 434-35.

In this case, Plaintiffs retired before the third EISP was offered. They have neither applied for, nor been accepted into,

the third EISP. Therefore, under Stanton, Plaintiffs cannot qualify as "participants."

Moreover, as former employees, Plaintiffs only "have standing to sue under ERISA if they have either a 'reasonable expectation of returning to covered employment' or a 'colorable claim for vested benefits.'" Felix, 387 F.3d at 1161-62 (quoting Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989)). "[A] plan participant's interest in welfare benefits is not automatically vested, and employers have a statutory right to 'amend the terms of the plan or terminate it entirely.'" Gable v. Sweetheart Cup Co., Inc., 35 F.3d 851, 855 (4th Cir. 1994) (quoting Biggers v. Wittek Indus., Inc., 4 F.3d 291, 295 (4th Cir. 1993)). "To vest benefits is to render them forever unalterable." Sprague v. General Motors Corp., 133 F.3d 388, 400 (6th Cir. 1998).

Plaintiffs have not requested reinstatement to their employment. Furthermore, they do not have a "colorable claim for vested benefits." They were never accepted into the third EISP and were not automatically entitled to that plan's benefits, which had not been offered at the time of their retirement. See Sejman v. Warner-Lambert Co., Inc., 889 F.2d 1346, 1348-49 (4th Cir. 1989) ("Because, under ERISA, severance benefits are contingent and

unaccrued, an employer may unilaterally amend or eliminate the provisions of a severance plan, which is usually funded solely by the employer in any event.") (citation omitted). Therefore, Plaintiffs have no standing to assert a breach of fiduciary duty claim with respect to the third EISP. See HealthSouth Rehabilitation Hosp. v. American Nat. Red Cross, 101 F.3d 1005, 1008 (4th Cir. 1996)("A person who is neither a participant nor a beneficiary lacks standing to bring an ERISA action against a fiduciary or plan administrator.") (citing Stanton, 792 F.2d at 434-35).

**C.    Sufficiency of the Complaint**

As an alternative ground, the Court finds that Plaintiffs' breach of fiduciary duty claim does not withstand Verizon's Rule 12(c) motion because Verizon had no duty to inform Plaintiffs of a plan that had not yet been offered when they retired.

In Stanton, the Fourth Circuit held that "[a]lthough ERISA does mandate fiduciary duties with respect to employee benefits plans, such duties are solely with respect to participants. The duties do not begin until the terms at issue are incorporated into a plan."  792 F.2d at 435 (quoting United Independent Flight Officers, Inc. v. United Airlines, Inc., 756 F.2d 1274, 1280 (7th

Cir. 1985)); accord Pocchia v. NYNEX Corp., 81 F.3d 275, 278 (2nd Cir. 1996) (holding that "a fiduciary is not required to voluntarily disclose changes in a benefit plan before they are adopted").

Because Plaintiffs were not "participants" under the third EISP, defendants did not owe them any fiduciary duty. Even assuming Plaintiffs were "participants," however, their breach of fiduciary duty claim is still unavailing. The complaint alleges that "the defendants did not advise Ms. Saunders or Ms. Rogers that they either knew they would offer or were seriously considering offering the third EISP plan offer" before Plaintiffs retired. (Compl. ¶ 21.) Verizon correctly argues that, absent an inquiry by the beneficiary, a fiduciary does not have an affirmative duty to disclose such a plan change to beneficiaries.

"[Fiduciary] duties do not begin until the terms at issue are incorporated into the plan." Stanton, 792 F.2d at 435 (citation omitted). As such, "[i]t is not a violation of ERISA to fail to furnish information regarding amendments before these amendments are put into effect." Id. (citations omitted). Moreover, an ERISA fiduciary need not "ascertain on an individual basis whether each beneficiary understands the collateral consequences of his or her

particular election." Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 381 (4th Cir. 2001). Verizon, thus, did not need to evaluate the consequences of Plaintiffs' decision to retire after being denied the July EISP, and had no duty to inform them of a plan that had not been adopted at the time of their retirement.

The Court recognizes that, in Griggs, the Fourth Circuit noted that fiduciaries "at times are obligated to affirmatively provide information to the beneficiary." Id. at 380. A fiduciary, for example, must provide information to a beneficiary "upon request" and when there are "material facts affecting the interest of the beneficiary which [the fiduciary] knows the beneficiary does not know and which the beneficiary needs to know for his protection . . . ." Id.

Here, Plaintiffs did not need to know about any future EISP for their own protection. They decided to retire despite knowing that they had been denied severance benefits under the July EISP. While knowledge of a possible future EISP might have enticed them to delay retirement, they did not need that information in order to protect their current benefits (or eligibility for benefits). Absent a need for Plaintiffs to protect themselves, Verizon had no

legal duty to inform them of possible future EISPs. <u>Stanton</u>, 792 F.2d at 435.

### IV. CONCLUSION

Plaintiffs were not "participants" in the October, 2003 EISP and have failed to establish any colorable claim for that plan's benefits.[2] Therefore, the Court **GRANTS** Verizon's motion for partial judgment on the pleadings with respect to Plaintiffs' breach of fiduciary duty claim (dkt. no. 35) and **DISMISSES** the second count of the complaint **WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to mail copies of this Order to counsel of record.

DATED: August _____16_____, 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] Irrespective of the sufficiency of the alleged breach of fiduciary duty claim, the Court cannot award the relief sought by Plaintiffs, i.e., a monetary sum under the third EISP. The Court has no proper basis to determine Plaintiffs' entitlement to benefits under that plan. First, the Plaintiffs have never applied for the third EISP. Second, Plaintiffs are required to exhaust administrative remedies before bringing such a benefits claim. <u>Makar v. Health Care Corp. of Mid-Atlantic</u>, 872 F.2d 80, 82 (1989). Finally, Plaintiffs have not alleged that exhausting administrative remedies would be futile. <u>Id.</u> at 83.