**FILED**

JUN 1 4 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

HAZEL YVONNE SAUNDERS and
SHARON L. ROGERS,

                  **Plaintiffs,**

**v.**                                            **1:04cv34**

VERIZON COMMUNICATIONS INC. and
VERIZON WEST VIRGINIA, INC.,

                  **Defendants.**

### ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

On May 3, 2006, the Court held a status conference by telephone to hear oral argument regarding the applicable standard of judicial review and scope of discovery in this matter. At the status conference, Georgia Gates appeared for the plaintiffs, Hazel Yvonne Saunders and Sharon L. Rogers (the "Plaintiffs"), and Charles Berry and Khuong G. Phan, appeared for the defendants, Verizon Communications, Inc. and Verizon West Virginia, Inc. (collectively "Verizon"). The Plaintiffs argued that they should be permitted to conduct significant discovery well outside the administrative record and that the Court should apply a de novo standard of review in this matter. Verizon asserted that the Court should apply a modified abuse of discretion standard of review, and should prohibit any discovery outside of the administrative record. After carefully considering the arguments of the parties, Court held that it would apply a modified abuse of discretion standard of

## ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
## AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

review in this matter, and, consequently, would limit discovery to the administrative record.

### I. Factual Background/Procedural History

On March 2, 2004, the Plaintiffs brought a lawsuit against Verizon, alleging that, by denying their voluntary election and accepting other employees with less seniority, Verizon had breached the terms of an Enhanced Income Security Plan ("EISP") offered in July, 2003. They also alleged that Verizon breached its fiduciary duty under the Employee Retirement Security Act ("ERISA") by failing to inform them before they retired that it was "seriously considering" a third EISP for that same year. The Plaintiffs asserted that, had Verizon informed them that another "volunteer period" would be offered in October, 2003, they would have delayed their retirement and applied for the third EISP.

On May 3, 2004, after counsel for the Plaintiffs had declined repeated requests to submit the claims of the Plaintiffs through Verizon's claims and appeals process, Verizon decided to treat the Plaintiffs' complaint as a claim for EISP benefits and forwarded to the Verizon Claims Review Unit ("VCRU") for its initial determination. By separate letters dated November 16, 2004, the VCRU concluded that neither plaintiff was eligible for EISP benefits. In these denial letters, the Plaintiffs were informed

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

that they could appeal their denials to the Verizon Claims Review Committee ("VCRC"), and were invited to submit any additional information relevant to their claims for the VCRC's consideration. On March 14, 2005, the VCRC affirmed the denial of the Plaintiffs' claims.

On November 23, 2005, the Court ordered the parties to file briefs on the status of any administrative remedy in this case and allowed the parties to conduct limited preliminary discovery on the following issues: (1) the information received by the Plaintiffs and when they received such information; and (2) the applicability of the Code of Federal Regulations on which the Plaintiffs relied in responding to Verizon's initial motion to dismiss.

On February 16, 2005, the Court denied Verizon's motion to dismiss without prejudice, stating that it was premature because the case required limited discovery and further briefing regarding the status of the administrative remedy. On May 20, 2005, the Court held a status conference at which Verizon's counsel represented that many of the discovery issues might be resolved after the administrative record was produced. Accordingly, on June 3, 2005, Verizon produced the administrative record in this matter.

Verizon, however, had turned its focus to the Plaintiffs' breach of fiduciary duty claim, and, on June 2, 2005, Verizon had

3

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

moved for partial judgment on the pleadings with respect to the breach of fiduciary duty claim arising from the October, 2003 EISP. On June 14, 2005, the Plaintiffs responded, and on June 27, 2005, Verizon filed its reply. On August 16, 2005, the Court granted Verizon's motion and dismissed with prejudice the Plaintiffs' breach of fiduciary duty claim. The Court concluded that the Plaintiffs were not participants in the October, 2003 EISP and, thus, did not have standing to assert a breach of fiduciary duty claim with respect to that EISP. It also concluded that Verizon had no duty to inform the Plaintiffs of an EISP that had not yet been offered when they retired.

On August 26, 2005, the Plaintiffs requested that the Court reconsider and alter or amend its August 16th Order and deny Verizon's motion for partial summary judgment. On September 16, 2005, the defendants responded to the plaintiffs' motion for reconsideration, and the Plaintiffs filed their reply brief on September 30, 2005. On March 21, 2006, the Court denied the Plaintiff's motion for reconsideration. Accordingly, the only claim remaining in this action is the Plaintiffs' claim that Verizon breached the terms of the EISP offered in July, 2003. Therefore, the issues of standard of review and scope of discovery are now ripe for review.

4

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

**II. ANALYSIS**

## A. Applicable Standard of Review

### 1. "Deemed Exhausted" Doctrine

The Plaintiffs argue that 29 C.F.R. §2560.503-1(l) requires the Court to deem any individual making a claim for benefits under Verizon's EISP to have exhausted their administrative remedies because Verizon neither maintained nor appropriately informed participants of an appeal procedure for the EISP plan. 29 C.F.R. §2650.503-1(l) states:

> **Failure to establish and follow reasonable claims procedures.** In the case of the failure to establish and follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan failed to provide a reasonable claim procedure that would yield a decision on the merits of the claim.

The Plaintiffs assert that Verizon's EISP and its Income Security Plan for Mid-Atlantic Associates ("ISP") are wholly separate plans and that the EISP offer package, and not the summary plan description ("SPD") for the ISP, is the SPD for the EISP. Therefore, they argue that Verizon's SPD for the EISP was devoid of any appeals procedure and that their denial letters did not provide

the information required by the regulations. Thus, they conclude that the Court should deem their administrative remedies exhausted. Relying on <u>Linder v. BYK-Chemie USA Inc.</u>, 313 F.Supp.2d 88 (D. Conn. 2004), the Plaintiffs further assert that, because the case qualifies as a "deemed exhausted" case, the Court should apply a <u>de novo</u> standard of review. In support of this position, they argue that no administrative determination had been made at the time they filed suit, and, therefore, no administrative decision existed to which the Court should defer in this matter.

Verizon, however, contends that Plaintiffs' assertion that the EISP Offer Package is the applicable SPD for the EISP is incorrect. It argues that the SPD for the ISP applies equally to the EISP and provides adequate claims and appeals procedures. It also states that, in submitting their "Employee Volunteer Forms," the Plaintiffs were not asserting a claim for EISP benefits, but, rather, were volunteering to participate in a surplus reduction program. Accordingly, Verizon argues that the denial letters on which the Plaintiffs rely are not claim denial letters, and, therefore, need not reference the claims and appeals information as required by the regulations. The Court will address the Plaintiffs' arguments under the regulations separately.

### ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

#### a. Lack of Appeals Procedure

ERISA requires that an SPD be furnished to participants and beneficiaries of any employee benefit plan. 28 U.S.C. §1022. Relying on the EISP offer package as its SPD, the Plaintiffs contend that Verizon failed to establish and follow an appeals procedure as mandated by the Secretary of Labor in 29 C.F.R. §2560.503-1(h). 29 C.F.R. 2560.503-1(h) states:

#### (h) Appeal of adverse benefits determinations

(1) In general. Every employee benefit plan shall establish and maintain a procedure by which a claim shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

The Plaintiffs assert that the SPD for the EISP did not provide any claims and appeals procedure whatsoever.

According to Verizon, however, the express terms of the ISP plan document, the SPD for the ISP, and the EISP Offer Package make clear that EISP benefits fall within the ISP, and, therefore, the EISP offer package distributed to the Plaintiffs at the time of the July, 2003 EISP was not the SPD for the EISP, but rather an overview of the entire force adjustment program in July, 2003, of which the EISP was just one part. Accordingly, Verizon argues that

7

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

the SPD for the ISP applied equally to the EISP benefits and provided extensive claim and appeals procedures.

Under the SPD for the ISP, participants of the ISP who separate from employment pursuant to the plan are entitled to receive a standard ISP termination allowance, and, in certain circumstances, may be entitled to recover an "enhanced" ISP termination allowance in lieu of the standard ISP termination allowance. The ISP makes clear that, under certain circumstances, Verizon may offer EISP benefits instead of standard ISP benefits under the Plan. Because EISP benefits are a component of the ISP, the SPD for the ISP would also apply to claims for EISP benefits.[1]

Accordingly, the Court must look to the SPD for the ISP to determine whether Verizon maintained a claims and appeals procedure for the Plaintiffs to use in pursuing a claim for EISP benefits. On pages 16 through 18, the SPD for Verizon's ISP describes comprehensive procedures for filing claims and appeals. It explains that an employee has a right under ERISA to file a claim whenever

---

[1] Furthermore, the EISP Offer Package did not contain "all or substantially all" of the information required by Section 102(b) of ERISA, 29 U.S.C. §1022, to be contained within an SPD. Coleman v. Nationwide Life Ins. Co., 969 F.3d 54 (4th Cir. 1992); Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1275 n.8 (11th Cir. 2005). Section 102 defines "summary plan description" as a particular legal document that must provide, "in a manner calculated to be understood by the average plan participant," specific information regarding the benefit plan at issue. Accordingly, as a matter of law, the EISP offer package cannot be considered the SPD for the EISP.

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

she believes she is entitled to benefits, but benefits have been denied or incorrectly determined under the Plan. It also states that the employee has to submit a claim in writing and provide any supporting information in writing to the claims administrator. Further, the claims administrator has 90 days to process an employee's claim after receiving the claim unless it notifies the employee in writing that more time is needed.

Of particular importance to this case is the fact that the SPD for the ISP states: "If your claim completely or partially is denied, a written notice of denial will tell you the specific reasons for the decision, the Plan provisions used to support the decision, a description of any outstanding materials needed to approve the claim and how you can appeal the decision."[2] Immediately thereafter, the SPD sets forth the procedure and time line for filing an appeal of a claim denial with the appeals administrator. The SPD for the ISP makes clear that Verizon established and maintained a procedure by which the Plaintiffs had

---

[2] The language used by Verizon in the SPD of the ISP under the heading "**If Your Claim is Denied**" essentially restates the language set forth in 29 C.F.R. §2560.503-1(g) as to what is required in a notification of benefits determination. However, the Plaintiffs allege that Verizon failed to meet those requirements in their denial letters.

9

ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

The Plaintiffs also argue that their claims denial letters did not comply with the requirements set forth in 29 C.F.R. §2560.503-1(g), which provides the manner and content of notification of benefit determination. 29 C.F.R. §2560.503-1(g) states:

**(g) Manner and Content Of Notification of Benefit Determination**

> (1) Except as provided in paragraph (g)(2) of this section, the plan administrator shall provide a claimant with written on electronic notification of any adverse benefit determination. Any electronic notification shall comply with the standards imposed by 29 C.F.R. §2520.104b-1(c)(1)(i), (iii), and (iv). The notification shall set forth, in a manner calculated to be understood by the claimant –
>
> (i) The specific reason for the adverse determination;
> (ii) Reference to the specific plan provisions on which the determination is based;
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation as to why such material or information is necessary; [and,]
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

The letters which the Plaintiffs assert are notifications of benefits determination and, therefore, must comply with 29 C.F.R. §2560.503-1(g) state:

> This letter is to inform you that your Enhanced Income Security Plan (EISP) Employee Volunteer Form was received. Based upon your

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

The letters which the Plaintiffs assert are notifications of benefits determination and, therefore, must comply with 29 C.F.R. §2560.503-1(g) state:

> This letter is to inform you that your Enhanced Income Security Plan (EISP) Employee Volunteer Form was received. Based upon your seniority and because there were more employees who volunteered than were necessary to relieve the surplus, your election to accept the EISP offer has NOT been granted.

Accordingly, they contend that their notification of benefits determination letters failed to provide an appeals procedure as well as the time limits applicable to that procedure.

Verizon, however, asserts that these letters were not claim denial letters, but rather letters informing the Plaintiffs that they were not accepted into the force adjustment program being offered at the time. According to Verizon, once the Plaintiffs concluded that they were actually entitled to these benefits- because employees less senior to them were granted benefits or otherwise- they could have submitted a claim for benefits to the claims administrator pursuant to the claims procedure. According to Verizon, the Plaintiffs never made a claim for benefits until their complaint was construed as a claim; thus, the letters on which the Plaintiffs rely were not claim denial letters.

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

By looking at the EISP Notification Letter and the EISP
Volunteer Form, the Court recognizes that Verizon's rejection of
the EISP applications differs from the claims administrator's
denial of a claim for benefits. The EISP Notification letter states
that "the EISP elections will be granted to the extent necessary to
relieve the surplus, in the order of seniority among those
individuals." It further states that "[i]f you volunteer to leave
under the terms of this EISP offer, <u>and you are accepted</u>, your last
day on active payroll will be July 26, 2003." (emphasis added). The
EISP Volunteer Form signed by the Plaintiffs also states:  "I
understand that I may not be accepted for the EISP if more senior
employees who volunteer to participate relieve the surplus." These
documents do not indicate that, by completing this form, the
Plaintiffs were filing a claim for EISP benefits. Rather, they
establish that the Plaintiffs were simply volunteering to leave
under the terms of the plan.

The regulations also guide the Court in its analysis as to
what factors should be considered when determining whether the
Plaintiffs submitted a claim for benefits by filing the EISP
Volunteer Form. 29 C.F.R. §2560.503-1(e) states:

> For purposes of this section, a claim for
> benefits is a request for a plan benefit or
> benefits made by a claimant in accordance with

12

the plan's reasonable procedure for filing
benefits claims.

Accordingly, the Court must also look to the plan's procedure
for filing benefits claims to determine whether the Plaintiffs'
application for EISP benefits was a claim for benefits under the
regulations. With respect to filing a claim for benefits, the SPD
for the ISP states:

> **Filing a Claim**
>
> You have the right under the Employee
> Retirement Income Security Act of 1974 (ERISA)
> and its subsequent amendments to file a claim
> if you believe you are entitled to benefits
> and benefits have been denied or incorrectly
> determined under the Plan.
>
> To submit a claim, put your concern in
> writing, explaining in your own words your
> understanding of your benefit issue and
> provide any supporting information in writing
> to the claims administrator at the address on
> page 22....

Here, the Plaintiffs did not file a claim for benefits
pursuant to the plan procedures because they did not submit to the
claims administrator a written claim in their own words with
supporting information. Rather, Verizon submitted the Plaintiffs'
complaint as a claim for benefits to the claims administrator after
the Plaintiffs initiated this lawsuit. The letters relied upon by

### ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

the Plaintiffs, thus, were not denial letters and were not required by the regulations to reference the claims and appeals procedures.

### c. Failure to Provide SPD of ISP

Although the Plaintiffs claim that they did not receive a copy of the SPD for the ISP[3], and, therefore, were not put on notice of the claims and appeals procedure, the EISP offer package, which they did receive and primarily rely on when asserting that Verizon failed to establish and follow claims and appeals procedures, states:

> This document was prepared to provide the reader with a brief summary of the plans and benefits regarding the Income Security Plan. All rights and/or obligations under the Income Security Plan will be governed by the collective bargaining agreements, and plan descriptions covering that benefit.

The EISP offer package clearly put the Plaintiffs on notice that the EISP was governed by the ISP summary plan description. Accordingly, Verizon argues that the Plaintiffs should not be permitted to ignore the claims and appeals process established by Verizon for the EISP benefits based on an allegation that they were not informed.

---

[3] Section 104 of ERISA, 29 U.S.C. §1024(b), did not require Verizon to distribute the ISP SPD as part of the July 2003 EISP offer, but rather requires that a plan administrator distribute an SPD within 90 days after an employee becomes a participant and once every five years if amendments to the plan have been made within that time frame.

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

Furthermore, Verizon argues that, in <u>Kern v. Verizon Communications, Inc. et al</u>, Civil Action No. 1:04cv34, this Court rejected the plaintiffs' argument that they were not required to first submit their claim to the administrative claims and appeals process for EISP benefits because Verizon failed to properly notify them of either the denial of their benefits claims or the available appeals procedures. Verizon states that, in rejecting this argument, the Court noted that "[c]ircuit courts have refused to waive the exhaustion requirement in ERISA cases where the claimant was not adequately informed of claims procedures."[4]

The Plaintiffs respond, stating that the <u>Kern</u> plaintiffs failed to direct the Court to any authority in support of their position. They, however, state that they rely on the regulations promulgated by the Department of Labor to support their position that they should be deemed to have exhausted their administrative remedies. Specifically, they argue that 29 C.F.R. §2560.503-1(l) mandates that the Court deem them to have exhausted their administrative

---

[4] Circuit courts have refused to waive the exhaustion requirement in ERISA cases where the claimant was not adequately informed of the claims procedures. <u>Davenport v. Harry N. Abrams, Inc.</u>, 249 F.3d 130, 133 n.2 (2nd Cir. 2001); <u>Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.</u>, 215 F.3d 475 (5th Cir. 2000). A plaintiff's alleged ignorance of an established claims and appeals procedures cannot defeat the ERISA exhaustion requirements. <u>Id.</u>

### ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
### AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

remedies and that this regulation was not addressed in the cases relied on by the Court in its decision in <u>Kern</u>.

As stated above, 29 C.F.R. §2650.503-1(l) requires that a claimant be deemed to have exhausted her administrative remedies if the employee benefit plan fails to establish and follow claims procedures consistent with the requirements of that section. Here, the Court has concluded that Verizon did not violate any of the requirements set forth in 29 C.F.R. §2650.503-1. Specifically, the SPD for the ISP demonstrates that Verizon established and maintained "a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination" as required by 29 C.F.R. §2560.503-1(h). Furthermore, the Plaintiffs have failed to show that Verizon's claims denial letters did not contain the information required by 29 C.F.R. §2560.503-1(g) because the letters on which they relied were not claims denial letters. Accordingly, the Court concludes that the "deemed exhausted" doctrine provided for by the regulations and recognized in <u>Linder v. BYK-Chemie USA, Inc.</u>, 313 F.Supp.2d at 93, does not apply in this action. Therefore, the Plaintiffs have failed to demonstrate that the strict requirement of exhaustion should be waived in this matter.

Verizon, nevertheless, submitted the Plaintiffs' claims through its claims and appeals procedures; thus, their administrative remedies have been exhausted. As a result, the Court must conduct a traditional standard of review analysis, taking into consideration that an administrator's decision and an administrative record exist in this matter.

### 2. Traditional Analysis for Standard of Review

In reviewing an ERISA plan administrator's decision to deny benefits, a district court, initially, must decide de novo whether the plan's language grants the administrator discretion to determine the claimant's eligibility for benefits. 29 U.S.C. §1132 (a)(1)(B); see Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1021 (4th Cir. 1993). If the reviewing court determines that the language of the plan confers discretion on the administrator to determine eligibility or to construe terms of the plan, then a court reviews the administrator's decision to deny benefits under an abuse of discretion standard. Firestone v. Bruch, 489 U.S. at 115; Quesinberry v. Life Ins. Co., 987 F.2d at 1021.

In **"Receiving Plan Benefits"** section, the SPD for Verizon's ISP states:

17

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

### When Benefits Are Paid

You will be notified in advance if the Company determines that business needs warrant a reduction in force or reassignment of jobs that results in elimination or change in your job.

Your application to voluntarily leave the service of the Company and receive benefits under a Plan offer must be accepted by the Company.

You can receive a benefit under the Plan if you accept an offer to voluntarily separate from service because:

- Your job loss or reassignment is related to technological changes (see page 5).

**OR**

- Your job loss is due to other declared force surplus conditions under which Verizon deems it appropriate to offer Plan benefits (see page 5).

In all cases, Verizon and its participating companies have the sole discretion to determine the following:

- The job titles and work locations where a surplus exists
- The number of associates in each job title and location who are considered to meet surplus conditions
- The period during which an eligible associate can separate from service with Plan benefits.

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

In the **"Additional Information"** section, the SPD for the ISP goes on to provide that:

> **Other Circumstances In Which Benefits Could Be Paid**
>
> Based on separate provisions under bargaining agreements, the terms of the Plan are supplemented by certain provisions of applicable collective bargaining agreements pertaining to force adjustment, layoff, part-timing, bumping and rehiring after layoff. To examples of such provisions are:
>
> • **Enhanced ISP (EISP):** Prior to proceeding to a layoff resulting from a surplus in any particular title, location and work group, the companies will offer an Enhanced Income Security Plan (EISP) termination allowance in the surplus title and location. The companies also may offer an EISP in other circumstances if they choose to do so (IBEW) or when the ISP may be offered (CWA). The companies may set limits on the number of ISP applications they are willing to accept, and this EISP offer would be in lieu of obligations, if any, the companies may have to offer regular ISP.

In the **"Claims and Appeals Procedures"** section, the SPD also states:

> You may file a written claim regarding your benefits at any time. If your claim for benefits is denied, you will have the opportunity to appeal. The claims administrator is appointed by the chairperson of the Verizon Claims Review Committee (VCRC). The appeals administrator for the Plan is the VCRC or a successor appeals administrator that may in the future by the VCRC.

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

> The claims and appeals administrators have discretionary authority to:
>
> - Interpret the Plan based on its provisions and applicable law and make factual determinations about claims arising under the Plan
>
> - Determine whether a claimant is eligible for benefits
>
> - Decide the amount, form, and timing of benefits
>
> - Resolve any other matter under the Plan that is raised by a participant or a beneficiary, or that is identified by the claims and appeals administrator.
>
> The claims and appeals administrator have sole discretionary authority to decide claims under the Plan and review and resolve any appeal of a denied claim. In case of an appeal, the claims and appeals administrators' decisions are final and binding on all parties to the full extent permitted under applicable law, unless the participant or beneficiary later proves that a claims or appeals administrator's decision was an abuse of administrator discretion.

The Plaintiffs argue that the Court should apply a <u>de novo</u> standard of review in this case because the EISP did not confer any discretionary authority on the VCRC to determine their claim for EISP benefits. They assert that Verizon was the only entity involved in the benefits decision at issue and that it had no discretion to determine whether their July, 2003 EISP applications

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

should be accepted because the terms of the July, 2003 EISP required that applications be accepted on the basis of seniority.

As stated above, under the EISP offer package and the SPD for the ISP, Verizon's acceptance or rejection of the EISP applications is wholly separate from the formal claims and appeals process. Accordingly, the language in Verizon's SPD for the ISP is more than adequate to confer final discretion to make benefits eligibility determinations on the claims and appeals administrators.

Under the deferential abuse of discretion standard, a district court cannot disturb an administrator's decision "if it is reasonable, even if [the court] would have come to a different conclusion independently." Evans v. Metro. Life Ins. Co., 358 F.3d 307, 310-11 (4th Cir. 2003)(citing Booth v. Wal-Mart Stores, Inc., 201 F.3d 335, 341 (4th Cir. 2000)). However, the abuse of discretion standard "is slightly modified when the administrator labors under a conflict of interest." Martin v. Blue Cross & Blue Shield, 115 F.3d 1201, 1206 (4th Cir. 1997). Thus, under a modified abuse of discretion standard, the administrator's conflict must be weighed as a factor in determining whether there is an abuse of discretion. Evans v. Metro. Life Ins. Co., 358 F.3d at 310-11 (4th Cir. 2003). Specifically, the court must determine, based on review of the record before the fiduciary at the time of decision-making, whether

21

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

the administrator's decision is consistent with a decision that might have been made by a fiduciary acting free of the interests which conflict with those of the beneficiaries. Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232-33 (4th Cir. 1997).

Verizon concedes that the VCRC operated under a potential conflict of interest because the Plan is unfunded and benefits are paid from Verizon's general assets. Accordingly, the Court will review the denials of the Plaintiffs' claims for EISP benefits under a modified abuse of discretion standard.

**B. Scope of Discovery**

Relying on Quesinberry v. Life Ins. Co., 987 F.2d 1017 (4th Cir. 1993), the Plaintiffs assert that discovery outside the administrative record should be permitted because: (1) There is no administrative record; (2) Verizon is both the payor and the administrator; and (3) the Plaintiffs could not present any evidence during the administrative process.

Verizon contends that, if the Court applies an abuse of discretion standard, discovery must be limited to the administrative record. In the alternative, if a de novo standard applies to this action, Verizon argues that: (1) The Plaintiffs' claims were submitted through two levels of review, resulting in an

**ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE**

voluminous administrative record; (2) The Plaintiffs have failed to produce any evidence demonstrating lack of impartiality on the part of VCRC; and (3) The Plaintiffs were invited in writing to submit any relevant information for consideration during both the initial determination and subsequent appeal.

When applying an abuse of discretion standard, the Court must determine whether there was a reasonable basis for the administrator's decision, based upon the facts as known to the administrator at the time the decision was made. Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994). Accordingly, the Court must consider only the record before the administrator at the time it reached its decision and, therefore, will limit discovery in this matter to the administrative record.

### III. CONCLUSION

Because discovery is not permitted apart from the production of the administrative record, the Court sets the following filing deadlines for briefing:

- Defendants' Summary Judgment Brief – **July 14, 2006**

- The Plaintiffs' Response          – **August 18, 2006**

- Defendant's Reply                 – **September 1, 2006**
  It is so **ORDERED**.

## ORDER REGARDING APPLICABLE STANDARD OF JUDICIAL REVIEW
## AND SCOPE OF DISCOVERY AND SETTING BRIEFING SCHEDULE

The Clerk is directed to transmit copies of this Order to the defendant, counsel of record and all appropriate agencies.

DATED: June _____ *14* _____, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE